**Juan Jose RADILLO, Petitioner—Appellant,**

v.

**Albert K. SCRIBNER, Warden, Respondent—Appellee.**

**No. 07–55459.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 9, 2008.

Filed Jan. 24, 2008.

Michael J. Brennan, Esq., Manhattan Beach, CA, for Petitioner–Appellant.

Steven E. Mercer, Esq., Office of the California Attorney General, Los Angeles, CA, for Respondent–Appellee.

Before: FARRIS and M. SMITH, Circuit Judges, and HOLLAND *, District Judge.

## MEMORANDUM **

California state prisoner Juan Jose Radillo appeals the district court's order denying his 28 U.S.C. § 2254 petition. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

Radillo's petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which permits relief only if the state court decision "was contrary to, or involved an unreasonable application of, clearly established" law as determined by the United States Supreme Court. 28 U.S.C. § 2254(d)(1). We review de novo the district court's denial of a habeas petition. *Tanner v. McDaniel*, 493 F.3d 1135, 1139 (9th Cir.2007).

Radillo contends that his Sixth Amendment right to effective assistance of counsel was denied because his trial lawyer had a conflict of interest. Radillo's trial lawyer also represented Jesus Cortez, who was charged in a separate case with the same offenses as Radillo based on the same facts. "In order to establish a violation of the Sixth Amendment [based on a conflict of interest], a defendant who raised no objection at trial must demonstrate that an actual conflict of interest adversely affected his lawyer's performance." *Cuyler v.*

*Sullivan,* 446 U.S. 335, 348, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980).

The state court's decision denying Radillo's conflict of interest claim was not contrary to or an unreasonable application of *Sullivan.* Radillo failed to demonstrate that his attorney's performance was adversely affected by the actual conflict of interest. Because there was no adverse effect, Radillo's argument that he is entitled to reversal because the state trial court did not address the conflict, even though it was aware of the conflict prior to trial, also fails. *See Campbell v. Rice,* 408 F.3d 1166, 1170 (9th Cir.2005) (en banc) (citing *Holloway v. Arkansas,* 435 U.S. 475, 484, 98 S.Ct. 1173, 55 L.Ed.2d 426 (1978)).

AFFIRMED.

---

* The Honorable H. Russel Holland, Senior United States District Judge for the District of Alaska, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.